IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS MAROSI and DONNA MAROSI,
husband and wife,

        Plaintiffs,

v.                                      Civil Action No. 5:18CV197
                                                          (STAMP)
AMERICAN ELECTRIC POWER
SERVICE CORPORATION
d/b/a AMERICAN ELECTRIC POWER,
a foreign corporation,
APPALACHIAN POWER COMPANY
a foreign corporation and
KENTUCKY POWER COMPANY,
a foreign corporation,

        Defendants.


                    **MEMORANDUM OPINION AND ORDER**
         **DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

                           I.  Background

    The plaintiffs, Thomas Marosi and Donna Marosi ("the plaintiffs"), filed an amended complaint in this Court against the defendants, American Electric Power Service Corporation ("AEP"), Appalachian Power Company ("APC"), and Kentucky Power Company ("KPC").  ECF No. 34.  The plaintiffs allege that Mr. Marosi was an employee, for AEP, where he received various promotions, including a promotion to the Senior Energy Production Superintendent of the Mitchell Power Plant in Moundsville, West Virginia.[1]  Id. at 1-5.  The plaintiffs indicate that on November 6, 2017, Mr. Marosi had an unexpected stroke while driving.  Id. at 5.  Plaintiffs state that

---

    [1]Plaintiffs indicate that KPC and APC is a subsidiary of AEP. ECF No. 1-1 at 4.  Moreover, plaintiffs state that KPC and APC co-own the Mitchell Plant in Moundsville, West Virginia.  Id.

despite a full medical release and ability to do the job, the defendants began to relieve Mr. Marosi of his prior responsibilities, instructed him not to attend yearly union negotiations, and informed employees that they were to report to another supervisor.  Id. at 6.  Plaintiffs then allege that on September 12, 2018, after Mr. Marosi was fired, he was replaced by a "substantially younger" employee.  Id. at 8.  Plaintiffs indicate that Mr. Marosi did not sign a release of all claims agreement. Id. at 9.  Moreover, plaintiffs contend that Mr. Marosi's allegedly unlawful termination tarnished his reputation as a mechanical engineer, that Mr. Marosi has suffered damages including, but not limited to, lost wages, benefits, and diminished capacity to earn the same in the future, and that Mr. Marosi has suffered great emotional and mental distress.  Id.  Count I of the plaintiffs' complaint alleges a violation of the West Virginia Human Rights Act ("WVHRA") due to handicap discrimination.  Id. at 10.  Count II alleges a violation of the WVHRA due to age discrimination.  Id. at 11.  Count III alleges a violation of the WVHRA due to failure to reasonably accommodate Mr. Marosi's perceived disability.  Id. at 13.  Count IV alleges intentional infliction of emotional distress.  Id. at 13.  Lastly, Count V alleges loss of consortium. Id. at 14.

On May 10, 2019, the plaintiffs filed a motion for partial summary judgment.  ECF No. 29.  In support of their motion, plaintiffs contend that as a matter of law, they have established

a prima facie case of age discrimination under the WVHRA, specifically Count II of the plaintiffs' complaint. Id. at 4. First, the plaintiffs state that there is no dispute that Mr. Marosi was fifty-six years of age when he was terminated; and therefore, he was in a protected class and faced an adverse employment decision. Id. at 5. Second, plaintiffs state that the defendants replaced him with a "substantially younger" employee. Id.

The defendants then filed a response in opposition to plaintiffs' motion for partial summary judgment. ECF No. 35. In their response, the defendants first assert that plaintiffs' motion for partial summary judgment is premature because discovery has not been completed. Id. at 3-4. Second, the defendants contend that the plaintiffs have not established a prima facie case of age discrimination because Mr. Marosi has not demonstrated that but for his protected status, he would not have been terminated. Id. at 4. Specifically, the defendants state that there was no replacement when Mr. Marosi was terminated and that his replacement was not chosen until more than two months after his termination. Id. at 6.

The plaintiffs then filed a reply in support of their motion for partial summary judgment. ECF No. 37. In their reply brief, they first assert that their motion is not premature since there is no genuine issue as to any material fact. Id. at 1. Second, the plaintiffs state that they have established a prima facie case of age discrimination since they have presented evidence that Mr.

3

Marosi was replaced by a "substantially younger" employee. Id. at 3.

## II. Applicable Law

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992).

4

However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

III. Discussion

The WVHRA states, in pertinent part, that "[i]t shall be an unlawful discriminatory practice . . . [f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment." W. Va. Code § 5-11-9(1). "The term 'discriminate' or 'discrimination' means to exclude from, or fail or refuse to extend to, a person equal opportunities because of . . . age . . . and includes to separate or segregate." W. Va. Code § 5-11-3(h). The Act further defines the term "age" to mean "age forty or above[.]" W. Va. Code § 5-11-3(k). "Discrimination claims brought under the WVHRA are governed by the burden-shifting framework of Title VII of the Civil Rights Act of 1964, laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)." Bartos v. PDC Energy, Inc., 275 F. Supp. 3d 755, 760 (N.D. W. Va. 2017).

To establish a prima facie case of employment discrimination under the WVHRA, the plaintiff must show: "(1) [t]hat the plaintiff is a member of a protected class[;] (2) [t]hat the employer made an adverse decision concerning the plaintiff[;] and (3) [b]ut for the

5

plaintiff's protected status, the adverse decision would not have been made. Syl. pt. 3, Conaway v. Eastern Associated Coal Corp., 178 W. Va. 164, 166 (1986).

With respect to the third element, the plaintiff must show "some evidence which would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion." Id. at 429-30. As examples, the plaintiff could present evidence that the employer admitted to such discrimination, "unequal or disparate treatment between members of the protected class and others by the elimination of the apparent legitimate reasons for the decision, or statistics in a large operation which show that members of the protected class received substantially worse treatment than others." Id. at 430.

"Pursuant to the 'substantially younger' rule contained in O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 116 S. Ct. 1307, 134 L.Ed.2d 433 (1996), a plaintiff . . . pursuing an age discrimination claim under the [WVHRA] . . . may satisfy the third prong of the prima facie age discrimination test contained in . . . [Conaway], by presenting evidence that [he] was replaced by a 'substantially younger' employee." Syl. pt. 4, Knotts v. Grafton City Hosp., 237 W. Va. 169, 170 (2016). The plaintiff can also present "evidence that a 'substantially younger' employee, who engaged in the same or similar conduct for which the plaintiff

6

faced an adverse employment decision, received more favorable treatment." Id. at Syl. pt. 5.

"The 'but for' test of discriminatory motive in [Conaway] is merely a threshold inquiry, requiring only that a plaintiff show an inference of discrimination." Syl. pt. 2, Barefoot v. Sundale Nursing Home, 193 W. Va. 475, 457 S.E.2d 152, 156 (1995).

After a plaintiff meets his or her burden, the burden shifts to the employer "to show some nondiscriminatory reason for the decision. The reason need not be a particularly good one. It need not be one which the judge or jury would have acted upon. The reason can be any other reason except that the plaintiff was a member of a protected class." Conaway, 358 S.E.2d at 430.

Upon review and consideration of the record, this Court finds that there remains genuine issues of material fact as to whether or not the defendants engaged in age discrimination, in violation of the WVHRA. Specifically, the Court denies the plaintiffs' motion for partial summary judgment with respect to Count II of their complaint.

Although the plaintiffs have advanced enough evidence to establish a prima facie case of age discrimination in violation of the WVHRA, viewing the facts and inferences in the light most favorable to the defendants, there remains genuine issues of material fact regarding the third prong under the Conaway test.

The plaintiffs clearly satisfy the first two prongs of the McDonnell Douglas test for age discrimination: Mr. Marosi is a

7

member of a protected class pursuant to the WVHRA because he is over forty years of age; and the defendants made an adverse employment decision affecting him when he was terminated from his position. The defendants contest the third prong: that but for Mr. Marosi's age, he would not have been terminated.

Specifically, the defendants attached the affidavit of Douglas J. Rosenberger ("Mr. Rosenberger"), the plant manager at the Mitchell Power Plant who was involved in the decision to terminate Mr. Marosi's employment with the plant.[2] ECF No. 35 at 8-9. In that affidavit, Mr. Rosenberger explains that he "did not contemplate replacing Mr. Marosi with Mr. Snodgrass at the time of Mr. Marosi's termination[,]" and "[t]hat [Mr.] Snodgrass was not interviewed for the Mitchell Energy Production Superintendent position until December 3, 2019." Id. at 9. Specifically, Mr. Rosenberger claims that Mr. Snodgrass' age "was not a factor in his selection . . . to fill the vacancy created in September 2018 by the termination of Mr. Marosi's employment." Id.

In the context of the plaintiffs' motion for partial summary judgment, the Court must view the facts and inferences in the light most favorable to the defendants. In so doing, a reasonable juror could find that the defendants truly did not terminate Mr. Marosi based on his age.

---

[2]The affidavit of Mr. Rosenberger only addresses the issue of whether the plaintiffs have provided sufficient facts to establish the third prong of the age discrimination test. Specifically, the affidavit did not address the issue of the defendants' alleged need for more discovery.

8

However, this Court notes that the plaintiffs' motion for partial summary judgment is not denied due to the defendants' contention as to the need for more discovery. This is because the defendants have failed to comply with Rule 56(d) of the Federal Rules of Civil Procedure.

Under Rule 56(d) of the Federal Rules of Civil Procedure ("FRCP"), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

However, "[i]f a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a[n] [ ] affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (citing Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir. 1996)).[3] The United States Court of Appeals for the Fourth Circuit has made it clear that "the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56[(d)] affidavit." Evans,

---

[3] In 2010, Rule 56(f) was amended and is now referred to as Rule 56(d). James M. Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, National Edition, § 14-40.

9

80 F.3d at 961 (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994)). Indeed, "the failure to file an affidavit under Rule 56[(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Id.

"Bare allegations or vague assertions of the need for discovery are not sufficient." Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, National Edition, § 14-40 (citing Everson v. Leis, 556 F.3d 484, 493 (6th Cir. 2009)); see also Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (finding that a district court did not abuse its discretion in denying the plaintiff's motion for continuance pursuant to Rule 56(d), stressing that the plaintiff failed to file an affidavit with the district court specifying which aspects of discovery required more time to complete). "The opposing party must explain its inability to provide opposing declarations at present; state what facts are sought; and show how these are reasonably expected to create a triable issue. Facts, not conclusions, are required." Id. (citing Keebler Co v. Murray Bakery Products, 866 F.2d 1386, 1389, 9 U.S.P.Q.2d 1736 (Fed. Cir. 1989; Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004); Moss v. U.S. Secret Service, 572 F.3d 962, 966 n.3. (9th Cir. 2009)).

A court may excuse failure to comply with Rule 56(d) "if the nonmoving party's objections . . . serve[] as the functional equivalent of an affidavit . . . and if the nonmoving party was not lax in pursuing discovery[.]" Harrods Ltd. v. Sixty Internet

10

Domain Names, 302 F.3d 214, 244 (4th Cir. 2002); see also Dave & Buster's, Inc. v. White Flint Mall, LLLP, 616 F. App'x 552, 561 (4th Cir. 2015). "To serve as a functional equivalent, the nonmoving party should provide 'reasonable notification and explanation for why more time for discovery [is] necessary or what the parties intend[] to discover that [is] not yet in the record.'" Hawkins v. Suntrust Bank, Civil Action No. 8:18CV178-AMQ-JDA, 2018 WL 6113007, *1 (D. S.C. May 25, 2018) (quoting Dave & Buster's, 616 F. App'x at 561).

Here, defendants included nothing more than conclusory statements in their memorandum in opposition to partial summary judgment asserting that "[a]s discovery remains in its early stages, Plaintiff's Motion for Partial Summary Judgment is premature." ECF No. 35 at 3. This is not the equivalent of a Rule 56(d) affidavit or declaration, nor does it provide reasonable "notification and explanation" for why more time for discovery is necessary or what the parties intend to discover that is not yet in the record. Evans, 80 F.3d at 961. Therefore, as previously mentioned, the fact that the deadline for discovery has not passed does not play a role in this Court's determination to deny the plaintiffs' motion for partial summary judgment.

IV. Conclusion

For the above reasons, the plaintiffs' motion for partial summary judgment (ECF No. 29) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: August 12, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE